**In re Marjorie Maree McCALL a/k/a Marjorie Maree McCall Cavalieri, Debtor.**

**Bankruptcy No. 81–04297G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 27, 1984.

———

Bernard H. White, Radnor, Pa., for objecting creditor, Elaine P. Denny Forstall.

Leo F. Doyle, Philadelphia, Pa., Trustee.

Jay G. Ochroch, Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for trustee, Leo F. Doyle.

Roderick D. Mathewson, Norristown, Pa., for debtor, Marjorie Maree McCall a/k/a Marjorie Maree McCall Cavalieri.

Melvin J. Buckman, McCausland, Keen & Buckman, King of Prussia, Pa., for petitioning creditors.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue before the bench is whether we should sustain a creditor's objection to a disclosure statement based on the statement's alleged deficiency in failing to classify adequately an unliquidated claim. For the reasons stated herein we will sustain the objection.

The facts of this case are as follows:[1] The debtor filed a petition for relief under chapter 11 of the Bankruptcy Code ("the Code") on October 20, 1981. Shortly thereafter we appointed a trustee who would be more zealous than the debtor in selling a parcel of realty, which is the main asset of the estate.

Prior to the filing of the petition, a creditor, one Elaine P. Denny Forstall ("Forstall"), filed an action in state court seeking to impose a constructive trust on the property and also lodged a *lis pendens* against the realty. After the commencement of the proceeding in this court, Forstall sought and obtained relief from us from the automatic stay in order to continue pursuit of the state court action. Notwithstanding the passage of several years since the filing of that action it has not yet culminated in a judgment.

The trustee has submitted to the court a chapter 11 plan of reorganization as well as a disclosure statement summarizing that plan. The plan establishes five classes of creditors, the first four of which are secured by the realty. The fifth class of creditors consists of the claims of general, unsecured creditors as well as Forstall's claim.

Forstall objects to the disclosure statement in that it reflects the plan's proposal to schedule her claim in the same class as general, unsecured creditors. She asserts that her claim belongs in its own class, particularly since the rendition of judgment on her claim in state court will give that claim priority over some of the claims in classes one through four.

█ Prior to addressing the merits of the objection we will discuss the trustee's contention that the objection is not properly brought against the disclosure statement but is more properly filed as an objection to confirmation of the plan, which would necessarily be heard at a later time. The difficulty in this case, which is not uncommon, is that the disclosure statement fairly accurately recapitulates the terms of the plan although the plan is allegedly defective. This is not the simpler situation in which the plan is subject to no reasonable objection, while the disclosure statement inaccurately portrays the terms of that plan. We see no procedural obstacle to objecting to the disclosure statement in a case such as the one at bench, where the disclosure statement accurately mirrors the purported deficiencies of a defective plan. A contrary result would merely delay the consideration of an inevitable objection at a cost to creditors. Thus, from a procedural view, Forstall's objection is properly lodged against the disclosure statement.

In essence, if the disclosure statement and plan are confirmed prior to the state court's determination of Forstall's claim,

---

1. This opinion constitutes the findings of fact and conclusions of law requested by Bankruptcy Rule 7052 (effective August 1, 1983).

she will be classified as a class five creditor and will only receive those pro rata distributions of the bankruptcy estate that will be accorded general, unsecured creditors. If the state court enters judgment before approval of the disclosure statement and plan, Forstall apparently will receive distribution as a secured creditor due to the *lis pendens*. We find that such fortuity does not comport with the spirit and language of the Code. As stated in the provision of the Code on the allowance of claims and interests:

(c) There shall be estimated for purpose of allowance under this section—

(1) any contingent or unliquidated claim, fixing or liquidation of which, as the case may be, would unduly delay the closing of the case; or

(2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment.

11 U.S.C. § 502(c). The mandatory "shall" of § 502(c) is echoed in the legislative history: "This subsection requires that all claims against the debtor be converted into dollar amounts." H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 354, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6310.

■ Although there are situations in which a claim in a particular class cannot reasonably be liquidated or estimated prior to confirmation, the existence of such a claim is not fatal to confirmation so long as the plan proposes a specific means of satisfying that claim when its value becomes fixed. But in the case at bench not only is the size of the claim in dispute but also the class in which the claim properly belongs. The plan currently makes no allowance for the possibility that the state court may hold in favor of Forstall, which judgment would have the effect of giving her a claim of greater priority than the other claims in class five.

Since Forstall's claim has not yet been liquidated, the mandate of § 502(c) has been violated. The plan affords no means of rectifying this deficiency. Consequent-

ly, the plan and the disclosure statement reflecting the terms of that plan are inadequate. We will accordingly enter an order sustaining Forstall's objection to the disclosure statement.