**In re VALRICO SQUARE LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 89–26366–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

April 20, 1990.

Patrick A. Barry, Ronald G. Neiwirth, Kevin C. Gleason, Office of the U.S. Trustee.

Patrick A. Barry, Blackwell Walker Fascell & Hoehl, Ft. Lauderdale, Fla., for AmeriFirst.

Ronald G. Neiwirth, Miami, Fla., for debtor.

## ORDER ON OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on April 11, 1990 on the Objection of AmeriFirst Bank to the Debtor's Disclosure Statement and on April 18, 1990 on the continued Objection to the Amended Disclosure Statement.

The Court has reviewed the Debtor's proposed Disclosure Statement and Amended Disclosure Statement with its attached Plan of Reorganization, the Objection of AmeriFirst Bank to Debtor's Disclosure Statement, and has heard argument from counsel. Further, the Court is aware of the relationship of the parties and the nature of the property of the Debtor by having taken testimony from a principal of the Debtor during a contested hearing to prohibit the use of cash collateral.

The sole property of the Debtor consists of a 14–acre developed shopping center and one-half acre of vacant land contiguous to the shopping center. The property is located outside Tampa in Hillsborough County, Florida. The Debtor is a Florida limited partnership and initially filed its Chapter 11 proceeding in the United States Bankruptcy Court in New Jersey. That Court transferred the case to this district pursuant to a motion for change of venue filed by AmeriFirst Bank. The managing agent and a principal in the limited partnership are residents of Pompano Beach, Florida.

The secured lender is AmeriFirst Bank. AmeriFirst Bank holds a first mortgage on the shopping center. The principal amount

of the indebtedness is approximately $7,000,000.00. The Debtor values the shopping center at $3,800,000.00. The Debtor admits that there is no equity in the shopping center and the cash flow from the rent income is insufficient to service the debt. AmeriFirst Bank has a perfected security interest in the rent income as established by prior order of the Court. Relief from stay has been granted and AmeriFirst Bank is proceeding with a state court foreclosure action in the Circuit Court of Hillsborough County, Florida. The one-half acre of contiguous vacant land is unencumbered and valued by the Debtor at $250,000.00.

As set forth in the Disclosure Statement and Plan of Reorganization, the Debtor has established five classes of creditors as follows:

Class 1: Costs and expenses of administration and priority claims under § 507(a) of the Bankruptcy Code.

Class 2: The secured claim of Amerifirst Bank, a Federal Savings Bank, which approximates $3.8 million.

Class 3: The unsecured claim of Amerifirst, which approximates $3.2 million.

Class 4: The unsecured claim of Midlantic National Bank, which approximates $1.2 million.

Class 5: The partnership interests of the partners in the Debtor, Valrico Square Limited Partnership.

AmeriFirst Bank has objected to the Disclosure Statement on the grounds that it is misleading in that the classification of two unsecured creditors in separate classes, not for the purpose of administrative convenience, is improper and misleading to Class 4 (Midlantic National Bank), to the extent that it would lead Midlantic National Bank to believe that its vote would control that class without consideration of the unsecured claim of AmeriFirst Bank in the same class. Midlantic National Bank has not appeared or raised an objection to the Disclosure Statement.

Section 1125(b) states that one may not solicit votes for or against the plan unless there is transmitted to the holder of a claim the plan or a summary of the plan and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. Adequate information is defined in Section 1125(a). The proponent of the plan must provide information that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class, in this case the unsecured creditors, to make an informed judgment about the plan. As set forth in the official comment to Section 1125:

"Of course, in considering the adequacy of the proposed disclosure, the court will necessarily have to consider the disclosure statement together with the proposed plan to which it relates."

■ Section 1122, Classification of Claims or Interests, requires that an allowed unsecured claim be placed in the same class except for those small claims classified in a separate class for administrative convenience. This Court is aware of a division of opinion among some bankruptcy courts on whether unsecured claims may be placed in separate classes in order to obtain the acceptances of the plan by at least one impaired class as required by Section 1129(a)(10). See *In re Greystone III Joint Venture, Debtor,* 102 B.R. 560 (Bankr.W.D.Texas 1989) for an example of separate classification of unsecured claims. In contrast, a significant number of cases provide that similarly situated creditors must be treated similarly. See *In re Walter C. Ward, Debtor,* 89 B.R. 998 (Bankr.S.D.Fla.1988) (Cristol, J.), and *In re Maropa Marine Sales Service Storage, Inc., Debtor,* 90 B.R. 544 (Bankr.S.D.Fla.1988) (Britton, J.). Separate classification of similarly situated claims is violative of Section 1122(a) and is an improper separation of claims to purposely manipulate voting to obtain an acceptance by an impaired class.

■ The Debtor argues the issue of proper or improper classification of claims should be deferred for consideration at a hearing at confirmation of the plan of reorganization. In *In re McCall, Debtor,* 44 B.R. 242 (Bankr.E.D.Penn.1984), the Court sustained a creditors' objection to a disclosure statement based upon a deficiency in

**796**

classification. The Chapter 11 trustee, similar to the Debtor's position at bar, argued that the objection was premature and should be addressed at the time of confirmation. The *McCall* court reasoned that consideration of a classification of claim objection at confirmation would merely delay the consideration of an inevitable objection at a cost to the creditors. *Id.* at 242, 243. Soliciting votes and seeking court approval on a clearly fruitless venture is a waste of the time of the Court and the parties. See also, *In re Pecht*, 57 B.R. 137 (Bankr.E.D.Va.1986), citing previous opinion 53 B.R. 768 (Bankr.E.D.Va.1985) and *In re S.E.T. Income Properties, III*, 83 B.R. 791 (Bankr.N.D.Okla.1988). The *Pecht* Court declined to approve a disclosure statement where the accompanying plan could not be approved pursuant to the requirements of 11 U.S.C. § 1129(a).

ACCORDINGLY, IT IS ORDERED AND ADJUDGED:

1. The Objection by AmeriFirst Bank to Debtor's Disclosure Statement is sustained, and the approval of the Debtor's Amended Disclosure Statement, is denied.

2. The Debtor shall have until April 24, 1990 within which to file a further amended disclosure statement and plan of reorganization classifying the unsecured claim of AmeriFirst Bank in the same class with the unsecured claim of Midlantic National Bank.

3. The hearing on the approval of a further amended disclosure statement, if any, is continued to Wednesday, April 25, 1990 at 9:30 a.m. at the United States Bankruptcy Court, 299 East Broward Boulevard, Room 206–A, Fort Lauderdale, Florida.

DONE AND ORDERED.